IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

DAVID LEE DANIELS                      PLAINTIFF

       v.         Civil No. 06-5072

SHERIFF KEITH FERGUSON;
CORPORAL JESSON; CORPORAL
McALESTER; and OFFICER LEE               DEFENDANTS

## **O R D E R**

Currently before the court are the following motions filed by the plaintiff: (1) motion for jury trial (Doc. 13); (2) motion to substitute party (Doc. 15); (3) motion to amend or correct the complaint (Doc. 16); (4) motion for jury trial (Doc. 17); and (5) motion to amend or correct the complaint (Doc. 18).

The motion for jury trial is granted (Doc. 13). An answer was filed in this case on July 17, 2006 (Doc. 12). Pursuant to Rule 38 of the Federal Rules of Civil Procedure a demand for jury trial is to be made not later than ten days after the answer is filed. The first motion for jury trial was filed on July 18, 2006 (Doc. 13). The demand for a jury trial is therefore timely under Rule 38. **The clerk is directed to note on the docket sheet that the plaintiff has made a timely demand for a trial by jury.**

In the motion to substitute (Doc. 15), plaintiff indicates there are, or were, a number of officers with the last name of Lee at the Benton County Detention Center. He indicates the officer who gave him the wrong medication on December 30, 2005, is named Officer Carson Lee. Plaintiff indicates he believes Carson Lee was fired at some unspecified point in time.

-1-

AO72A
(Rev. 8/82)

The motion to substitute is granted. **The clerk is directed to note on the docket sheet that Officer Lee's first name is Carson.** The court notes that an answer was filed on July 17th on Officer Lee's behalf.

In his first motion to amend the complaint (Doc. 16), plaintiff seeks to amend his prayer for relief to specify he is seeking compensatory damages and to request that the officers be removed from their jobs. The motion is granted. The prayer for relief is considered to be amended as set forth in the motion.

On August 17, 2006, the plaintiff filed a second motion for jury trial (Doc. 17). This motion is denied as moot. As noted above, plaintiff made a timely jury demand.

In his second motion to amend the complaint (Doc. 20), plaintiff seeks to amend the complaint to specify the exact relief he is seeking in this case. The motion to amend is denied. Plaintiff has already amended his complaint to specify that he is seeking compensatory damages. It is not necessary for him to specify an exact dollar amount in his prayer for relief.

IT IS SO ORDERED this 25th day of October 2006.

/s/ Beverly Stites Jones
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)